ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>PABLO A. GONZÁLEZ ORTIZ<br><br>Peticionario | TA2025CE00756 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Número: ISCR201800040-41<br><br>Sobre:<br>Art. 58 Ley 246<br>Art. 130 C.P. |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de abril de 2026.

Compareció ante nos, por derecho propio e *in forma pauperis,* el Sr. Pablo González Ortiz (en adelante, "señor González Ortiz" o "peticionario") mediante el recurso de *Certiorari* de epígrafe presentado el 3 de noviembre de 2025. Nos solicitó la revisión de Resolución y Orden emitida el 17 de octubre de 2025 y notificada el 21 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante, "foro de instancia"). En la aludida determinación, el foro de instancia denegó la solicitud del señor González Ortiz de corregir la sentencia impuesta el 14 de enero de 2019.

Por los fundamentos que expondremos a continuación, se **deniega** la expedición del auto de *Certiorari.*

**-I-**

El 14 de enero de 2019, el foro de instancia dictó *Sentencia*[1] mediante la cual declaró culpable al señor González Ortiz por violar

---

[1] SUMAC-TA, entrada núm. 1.

el Artículo 130 del Código Penal de Puerto Rico de 2012, según enmendado, 33 LPRA sec. 5191, y el Artículo 246 de la Ley Núm. 246-2011, según enmendada, conocida como *Ley para la seguridad, bienestar y protección de menores*, 8 LPRA sec. 1173. Por la comisión de estos delitos, el señor González Ortiz fue sentenciado a cumplir una pena de reclusión de 50 años por el Artículo 130 del Código Penal, *supra*, a cumplirse de forma concurrente con una pena de 12 años por el Artículo 58 de la Ley 246-2011, *supra*, más 12 años y 5 meses por concepto de reincidencia, para un total de 62 años y 5 meses.

Posteriormente, el 3 de septiembre de 2025, el señor González Ortiz instó *Moción al amparo de la regla 185 y de procedimiento criminal* ante el foro de instancia.[2] En dicha moción, argumentó que la *Sentencia* dictada en su contra violó su debido proceso de ley y su derecho a la presunción de inocencia, toda vez que nunca aceptó la reincidencia impuesta y relevó indebidamente al Ministerio Público de su carga probatoria. Por lo anterior, solicitó al foro de instancia corrigiera la sentencia dictada.

Así las cosas, el foro de instancia emitió una *Resolución* el 17 de octubre de 2025, notificada el 21 de octubre de 2025, mediante la cual denegó la solicitud de corrección del señor González Ortiz.[3]

Inconforme con ello, el 3 de noviembre de 2025, el señor González Ortiz presentó ante esta Curia su *Moción al amparo de la regla 185 y de procedimiento criminal* acogido como un recurso de *Certiorari*.[4] Aun cuando el recurso no contiene señalamiento de error en específico, el peticionario reiteró sus argumentos anteriores y sostuvo que el foro de instancia violó nuevamente sus derechos

---

[2] *Id.*
[3] *Id.*
[4] *Id.*

civiles y constitucionales al negarse atender la solicitud de corrección de *Sentencia.*

Por su parte, el 4 de marzo de 2025, la Oficina del Procurador General de Puerto Rico instó su *Escrito en cumplimiento de resolución.*[5] En esencia, argumentó que el peticionario incumplió crasamente con las exigencias reglamentarias para perfeccionar el presente recurso y, en cuanto a la reincidencia, sostuvo que no hubo violación alguna de sus derechos procesales. Por tanto, adujo que los planteamientos del peticionario son insuficientes en derecho y no ameritan la intervención del foro apelativo.

Así pues, perfeccionado el recurso, procedemos a exponer la normativa jurídica aplicable a las controversias ante nuestra consideración.

**-II-**

**A. Certiorari criminal**

El recurso de *Certiorari* un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Pueblo Guadalupe Rivera,* 206 DPR 616, 632 (2021); *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372, (2020); *Pueblo v. Díaz De León,* 176 DPR 913, 917 (2009). Esto es, distinto al recurso de apelación, el foro revisor puede expedir el auto de *Certiorari* de manera discrecional. *Pueblo v. Rivera Montalvo,* supra; *Pueblo v. Díaz De León,* supra, pág. 918. Sin embargo, la discreción del Tribunal revisor no es irrestricta. *Pueblo v. Rivera Maldonado,* supra. Así pues, nuestro ordenamiento jurídico aclaró que el foro revisor al ejercer su discreción debe hacerlo con cautela y por razones de peso. *Pueblo v. Díaz De León,* supra, pág. 918.

---

[5] SUMAC-TA, entrada núm. 6.

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025), establece unos criterios para que el Tribunal Intermedio ejerza con prudencia su discreción al momento de atender una solicitud de expedición de un auto de *Certiorari. Pueblo v. Rivera Maldonado,* supra. En lo pertinente, la referida Regla establece los criterios siguientes:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Id.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que, de ordinario, el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de

cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Maldonado*, supra, pág. 373.

Expuesto el derecho aplicable, procedemos atender el recurso de *Certiorari* ante nuestra consideración.

**-III-**

En el presente recurso, el peticionario alegó que el foro de instancia erró al imponerle reincidencia, ya que nunca la aceptó y el Ministerio Público no demostró su carga probatoria en cuanto ese agravante. Por lo cual, sostuvo que procedía la corrección de la *Sentencia* dictada en su contra debido a que se violaron sus derechos civiles y constitucionales.

Tras examinar el expediente de epígrafe, a la luz de lo estatuido en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, no encontramos razones para expedir el auto y revisar la determinación recurrida. Tampoco surge del expediente —ni el peticionario nos ha demostrado— que el foro de Instancia haya actuado bajo pasión, prejuicio o parcialidad o algún error manifiesto. Además, determinamos que la actuación del foro de Instancia no representa un fracaso a la justicia. Nada en el expediente nos convenció para utilizar nuestra función revisora. De hecho, ni siquiera nos puso en posición de entender y adjudicar la controversia, pues no incluyó un apéndice con los documentos que formaron parte del expediente original del foro de instancia.

Por tanto, destacamos que no se configura ninguna de las circunstancias que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento, *supra.* En consecuencia, colegimos que no existe criterio jurídico que amerite nuestra intervención en el dictamen recurrido.

**-IV-**

Por los fundamentos expuestos previamente, se **deniega** la expedición del auto de *Certiorari.*

Lo acordó y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones